# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**JAMES DALE CARTER, # 56555**                        **PLAINTIFF**

**VERSUS**                        **CAUSE NO. 3:22cv344-KHJ-MTP**

**PREMIER SUPPLY LINK, LLC**                        **DEFENDANT**

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte*. Having considered the record and the applicable law, the undersigned recommends that this case be dismissed without prejudice

*Pro se* Plaintiff James Dale Carter initiated this action on June 21, 2022. At the time, he was incarcerated with the Mississippi Department of Corrections.

On January 9, 2023, the Court entered an Order [20] setting this matter for an Omnibus hearing and issued a Writ of Habeas Corpus ad Testificandum [21] to secure Carter's appearance at the hearing. On January 23, the Writ was returned unexecuted with a note indicating that he was no longer incarcerated. Having received no change of address, the Court canceled the hearing and ordered Carter to either provide an updated address or show cause why this case should not be dismissed for failure to keep the Court apprised of his address. The response was due February 15.

When Carter did not respond or provide a change of address, the Court entered the Second Order to Show Cause [25], on March 1, 2023, giving him another chance to respond. The Order required him to respond by March 15, but he did not respond as ordered.

All Orders [20, 23, 25] were sent to Carter's address of record, but the Order Setting Omnibus Hearing [20] and Order Cancelling Omnibus Hearing and Directing Plaintiff to Show

Cause [23] were returned as undeliverable. To date he has not responded, provided a change of address, or otherwise contacted the Court. The Court has warned Carter that failure to prosecute or obey any Order of the Court, including keeping the Court apprised of his address, may lead to the dismissal of the Complaint. (Second Order to Show Cause at 1); (Order [14] at 2); (Order to Sign at 1); (Order Requiring Pl. to Respond at 2); (Order Setting Payment Schedule at 2); (Order [3] at 2); (Order [2] at 2). It is apparent from Carter's failure to comply that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the plaintiff's failure to prosecute or obey a Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. Since the Court has not considered the merits of the claims, the undersigned recommends that the case be dismissed without prejudice.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this case be DISMISSED without prejudice for failure to prosecute and obey Court Orders.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this Recommendation, may serve and file written objections to the

Recommendation, with a copy to the District Judge, the Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to the Magistrate Judge with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This, the 29th day of March, 2023.

s/ Michael T. Parker
UNITED STATES MAGISTRATE JUDGE